IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**


Civil Action No. 05-cv-1058-WYD-MEH

LEVERNE GREEN, M.D.,

      Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO, d/b/a Centura Health-St. Anthony
Central Hospital, d/b/a Centura Health St. Anthony Hospitals, a Colorado corporation
with multiple trade and business names;
GEORGE ZARA, individually and as CEO of Centura St. Anthony Hospitals;
CHRISTOPHER  KNACKSTEDT, individually and as CFO of Centura St. Anthony
Hospitals;
ELLIOT C. "SKIP" WOHLNER, individually and as principal of Anesthesia Consultants,
P.C., a Colorado corporation;
ANESTHESIA CONSULTANTS, P.C., a Colorado corporation;
EDWIN LANCE WALKER, individually and as principal of Cardiovascular and Thoracic
Surgery, P.C.;
CARDIOVASCULAR AND THORACIC SURGERY, P.C., a Colorado corporation;
BARBARA FERGUSON, an employee or agent of Centura St. Anthony Hospitals; and
JOHN OR JANE DOES, employees or agents of Centura St. Anthony Hospitals.

      Defendants.

_____

**ORDER**
_____

      THIS MATTER comes before the Court on Defendants' Motion to Dismiss [Doc.

# 42], filed August 11, 2005.  The Court has reviewed the motion, the response and the

reply and is fully advised in the premises.

      Plaintiff has filed a complaint which contains ten claims.  It includes four federal

statutory claims as well as six state common law claims.  Defendants have moved to

dismiss all but one of Plaintiff's claims.  I note that by Order dated November 4, 2005, I

granted the parties' Stipulation for Dismissal of Plaintiff's Sixth Claim for Relief Under

the Fair Labor Standards Act.

**Standard of Review**

"Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires a legal determination

that plaintiff can prove no set of facts in support of its claim that would entitle it to

relief." *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359

(10th Cir. 1989). "[T]he complaint must allege facts sufficient, if they are proved, to

allow the court to conclude that claimant has a legal right to relief." *Perington*

*Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1373 (10th Cir. 1979).


A motion to dismiss for failure to state a claim upon which relief may be granted

shall be decided on the sufficiency of the four corners of the complaint alone. FED. R.

CIV. P. 12(b). In considering a motion to dismiss, the court assumes the truth of all

facts alleged in the complaint and the existence of any fact that can be proved,

consistent with the complaint's allegations. *See Hishon v. King & Spalding*, 467 U.S.

69, 73 (1984); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Nevertheless, while the court must take the facts in the light most favorable to

the plaintiff, the court need not accept the unreasonable conclusions, unwarranted

inferences, conclusions, or arguments drawn from those facts. *Eastern Shore Mkts.,*

*Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In this way, a motion

to dismiss allows a court to eliminate actions that are "fatally flawed in [their] legal

premises." *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1380 (Fed. Cir. 2001).

**Title VII, ADEA and Wrongful Discharge**

Defendants' motion begins with an argument regarding the claims that they state must be dismissed because Plaintiff was not an employee of Catholic Health Initiatives Colorado ("CHIC").  Those include the Title VII, 42 U.S.C. § 2000-e; Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and wrongful discharge claims, which are against CHIC only.  It is undisputed that these claims only apply to employment relationships, and Defendant CHIC has moved to dismiss them on the basis that the claims "fail as a matter of law because Dr. Green was not an employee of CHIC."  Mot. to Dismiss at 7.

As in most cases concerning doctors and hospitals, the issue of whether the plaintiff was an employee or an independent contractor is implicated here.  The parties agree that the applicable inquiry involves a "hybrid analysis" that considers both the right to control the individual's work and the economic reality or economic dependence test which considers factors more related to finances.  It is also clear that "the court must look at the totality of the circumstances surrounding the working relationship between the parties."  *Oestman v. National Farmers Union Ins. Co.*, 958 F.2d 303, 305 (10th Cir. 1992).

In total, the parties spend more than ten pages discussing facts regarding Plaintiff's relationship with CHIC which they say lead to one result or the other.  Plaintiff argues that it is essentially Defendant's position that there is a *per se* rule that no

doctor can ever be considered to be an employee of a hospital.[1]

While it is clear that in most circumstances, doctors are independent contractors

of the hospitals at which they provide services, the Court is not willing to endorse

Defendant's *per se* rule just yet.   There is no binding precedent in this Circuit on this

point, but there is a great deal of law regarding the standard applicable to dismissal

pursuant to Rule 12(b)(6).   "Where there is no issue of fact the question of whether a

complaint states a cause of action is one of law for the court."  *Dewell v. Lawson*, 489

F.2d 877, 880 (10th Cir. 1974) (citing *Schmidt v. United States*, 179 F.2d 724 (10th Cir.

1950)).   Conversely, "a factual dispute may preclude dismissal under Rule 12(b)(6)."

*Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003).

While Defendant would like to paint this as a legal issue, it is apparent that at

this point, it is also a fact-bound issue in this Circuit.[2]   It is axiomatic that the Court

must  "accept all the well-pleaded allegations of the complaint as true and must

construe them in the light most favorable to the plaintiff."  *Roman v. Cessna Aircraft*

*Co.,* 55 F.3d 542, 543 (10th Cir. 1995).  Consequently, the issue of whether Plaintiff

could be considered an employee of CHIC for purposes of Title VII and the ADEA is

inappropriate for determination on a Rule 12(b)(6) standard.[3]

_____

[1] It appears that Defendant would probably not disagree.

[2] The Court notes that Defendant argues that the right to control portion of the hybrid analysis focuses on "the right to control, not the *fact of* control."  Mot. to Dismiss at 12, n.3 (emphasis added). That distinction raises some interesting questions in itself.

[3] Furthermore, the court notes that there has been no suggestion by any party that the present motion be converted to one requesting a judgment pursuant to FED. R. CIV. P. 56.

As for Defendant's argument regarding Plaintiff's state law wrongful discharge claim, that is a different matter.  Plaintiff concedes that he must be an employee of CHIC to pursue his wrongful discharge claim, but he then relies on the federal authority referred to above regarding control and economic dependence to show that is possible.  It is clear that such evidence does not suffice under Colorado law.  In fact, Defendant's *per se* rule appears to be accurate in this state.  Plaintiff has presented no authority to counter Defendant's citation of *Lutfi v. Brighton Comty. Hosp.* Assoc., 40 P.3d 51 (Colo. App. 2002).  In *Lutfi*, the Colorado Court of Appeals found that a hospital's relationship with a doctor providing medical services "is necessarily that of an independent contractor."  *Id.* at 57.  While that case has no importance with regard to its stated opinions on federal law, the unequivocal statement regarding the relationship between doctors and hospitals as a matter of Colorado law is unrefuted.  Consequently, Plaintiff's wrongful discharge claim must be dismissed.

**Breach of Contract and Tortious Interference with Contract**

Defendant CHIC, the only Defendant targeted in the breach of contract claim, attacks that claim on the basis that Plaintiff has admitted that there is no such claim.  In explanation of this unusual argument, Defendant states the elements of a contract claim and then states that no contract has been alleged by Plaintiff.  Defendant goes on to argue that because Plaintiff alleges that CHIC fulfilled responsibilities that it had under the contract, there is no breach as a matter of law.

The argument on the tortious interference claim is essentially the same, although presumably it is made on behalf of all Defendants named in that claim.  It is

Defendants' position that, as a matter of law, Defendants Walker and Wohlner cannot be liable for tortious interference with an existing contract "supposedly based on due process requirements related to staff privileges" which were renewed.  Mot. to Dismiss at 15.

Although the meaning of this argument is somewhat unclear, Defendants appear to contend that because Plaintiff's medical privileges were never completely revoked and no derogatory information was inserted into his credentials file, there has been no breach, even as defined by Plaintiff.  Defendants ignore the fact that Plaintiff alleges that he has received no work from any of these three Defendants since April 2004. Compl. at ¶ 38.  Whether the events as alleged by Plaintiff constitute a constructive termination and whether such a termination was in violation of a contract between Plaintiff and CHIC are issues for another day.  At this point, it is sufficient to note that Plaintiff has stated claims for both breach of contract and tortious interference with contractual relations.   As such, Defendants' motion must be denied on those claims.

**Quantum Meruit and Promissory Estoppel**

Both Defendants CHIC and Anesthesia Consultants, P.C. on the promissory estoppel claim and CHIC alone on the quantum meruit claim expend an inordinate amount of space arguing that Plaintiff cannot recover on his promissory estoppel and/or quantum meruit claims if he proves the existence of an express contract.  Not surprisingly, Plaintiff concedes this elementary point of law.  Nevertheless, he contends that he has properly pled these claims, which of course are allowed in the alternative by FED. R. CIV. P. 8(e).

Defendants' contentions that no promise was made and that Plaintiff suffered no detrimental reliance are inappropriate at this stage in the case. Plaintiff's claims may be "anemic" but that does not put them in violation of Rule 8 or Rule 12(b)(6).

> While the substantive right to recover on his claim is governed by state law, the form or mode of his claim for relief is a matter of Federal procedure, under which no technical forms of pleadings are required. . . . Indeed, the only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds.

> *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952) (citations omitted). I find that

Defendants' motion must be denied with regard to Plaintiff's seventh and ninth claims.

## Outrageous Conduct

Plaintiff's outrageous conduct claim names all Defendants, and Defendants have moved to dismiss it, arguing that Plaintiff's allegations fail to state a claim. Defendants are correct that the pleading standard for outrageous conduct is extremely high. "Although the question whether conduct is outrageous is generally one of fact to be determined by a jury, the trial court is initially responsible for determining whether reasonable persons could differ on the question." *English v. Griffith*, 99 P.3d 90, 93 (Colo. App. 2004). It is Defendants' position that even if all of Plaintiff's allegations are taken as true, they are insufficient to reach the level necessary for a claim of outrageous conduct.

Plaintiff responds that he does not contend that his termination alone is sufficient to state a claim of outrageous conduct. He notes that his Complaint contains numerous allegations ("a laundry list of egregious acts") over a substantial period of time that are separate from the termination itself. These allegations can be described as strictly

relating to his practice of medicine (e.g., retaliatory complaints, failure to pay equal compensation, refusal to investigate Plaintiff's safety concerns etc.), as well as those relating to his race (e.g., searching of locker and making racist comments).

While this is a close question, the Court is inclined to let Plaintiff's outrageous conduct claim remain for the time being.  If, in fact, these Defendants acted in concert to essentially ruin the career of a person who had given over twenty years of exemplary service to both the hospital and his patients, and did it in a way that was calculated to insult, demoralize and demonize the Plaintiff, that could be considered outrageous as defined by the case law.

## 42 U.S.C. § 1981

Finally, Defendant CHIC has moved to dismiss Plaintiff's claim brought pursuant to § 1981.  More specifically, it argues that Plaintiff has made no allegation that his contract with CHIC required the payment of on-call compensation and therefore cannot proceed on the basis that such compensation was not paid.  CHIC also takes the position that Plaintiff cannot base a claim on an allegation that the contractual due process terms of his contract were not honored, as he has admitted that his hospital privileges were regularly renewed and his credentials file contains no adverse information.  The final argument in Defendant CHIC's motion regarding § 1981 is that Plaintiff has failed to make any allegations in his complaint that he was discriminated against on the basis of race.  According to CHIC, although Plaintiff states conclusions of that type, he fails to make any factual averments that race played a part in the events at issue.

Plaintiff responds that the allegations in his complaint meets the standards of liberal pleading applicable to discrimination claims.  He points out that he has clearly alleged that he is a member of a racial minority, that he was discriminated on the basis of race, and that discrimination concerned one or more of the activities protected by § 1981.  Compl. at ¶¶ 15, 45-48.

Once again, the Court finds that Defendant is doing little more than muddying the waters of this complaint.  As Plaintiff has shown in his response, his complaint does contain the key allegations for a § 1981 claim.  Furthermore, despite Defendant's continual protestations to the contrary, Plaintiff has alleged that his hospital privileges were suspended without the due process to which he alleges he was entitled.  Compl. at ¶ 29.  Consequently, Defendant's argument that Plaintiff has failed to allege a contract interest of which he was deprived is incorrect.  The fact that the suspension was temporary does not absolve it of its relevance.  To the extent that Defendant persists in attacking Plaintiff's employment status as well as other allegations made by Plaintiff, the Court finds such objections irrelevant.  Plaintiff has properly stated a claim pursuant to § 1981.

Based on the foregoing, it is,

ORDERED that Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.  It is

FURTHER ORDERED that Defendants' Motion to Dismiss is **GRANTED** on Plaintiff's fifth claim, and Plaintiff's fifth claim of wrongful discharge against Defendant CHIC is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that Defendants' Motion to Dismiss is **DENIED** on all

other claims.

Dated:  March 24, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge