IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01058-WYD-MEH

LEVERNE GREEN, M.D.,

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO,
d/b/a Centura Health-St. Anthony Central Hospital,
d/b/a Centura Health St. Anthony Hospitals,
a Colorado corporation with multiple trade and business names;
GEORGE ZARA, individually and as CEO of Centura St. Anthony Hospitals;
CHRISTOPHER KNACKSTEDT, individually and as CFO of Centura St. Anthony Hospitals;
ELLIOTT C. "SKIP" WOHLNER, individually and as principal of Anesthesia Consultants, P.C.,
a Colorado corporation;
ANESTHESIA CONSULTANTS, P.C., a Colorado corporation;
EDWIN LANCE WALKER, individually and as principal of Cardiovascular and Thoracic
Surgery, P.C.;
CARDIOVASCULAR AND THORACIC SURGERY, P.C., a Colorado corporation;
BARBARA FERGUSON; and
JOHN OR JANE DOES, employees or agents of Centura St. Anthony Hospitals,

    Defendants.

## STIPULATED AMENDED PROTECTIVE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    This matter comes before the Court on the parties' Stipulated Motion for Entry of Amended Protective Order. The Court has reviewed that Motion. The Motion is meritorious and acceptable, and has therefore been granted. Accordingly, IT IS ORDERED:

    1.    This Amended Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Amended Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy and/or confidentiality interests such as: (a) personnel records of current or former employees of Defendants, (b) records pertaining to physicians with staff privileges; (c) Plaintiff's tax returns and other information pertaining to income; (d) Plaintiff's accounting and billing records; (e) Plaintiff's medical, psychiatric, psychological, and counseling records, if any; and (f) confidential commercial information.  Notwithstanding this definition of "CONFIDENTIAL" documents, materials, and/or information, the parties preserve their respective rights to object to any documents, materials and/or information based upon any applicable privilege or immunity unless otherwise specified herein, including but not limited to any peer review or professional review committee privilege that may be applicable under state or federal law.  In addition, the Parties preserve their respective rights to object to the production of any documents based upon other applicable grounds or objections recognized by the Federal Rules of Civil Procedure including but not limited to where discovery requests are overly broad, burdensome, or not reasonably calculated to lead to the discovery of admissible evidence. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation of this case and all court proceedings (including trial) of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;
(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;
(c) the parties, including the designated representatives for the Defendant;
(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;
(e) the Court and its employees ("Court Personnel");
(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;
(g) deponents, witnesses, or potential witnesses; and
(h) other persons by written agreement of the parties.

5. Information designated "CONFIDENTIAL/PRIVILEGED" shall be information that is confidential and protected by the Colorado Medical Practices Act or the Health Care Quality Improvement Act of 1986 (42 U.S.C. § 1111) such as: (a) records of peer review or professional review committee proceedings; and (b) minutes or other records related to review or consideration of proceedings, or recommendations related to peer review or professional review committee proceedings.

6. CONFIDENTIAL/PRIVILEGED documents, materials, and/or information (collectively "CONFIDENTIAL/PRIVILEGED Information") shall not, without the consent of the

party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties, including the designated representatives for the Defendant, so long as such disclosure is limited to the review of, but not copying of, such information in counsel's offices or at the Court;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case, so long as such disclosure is limited to the review of but not copying of, such information in counsel's offices or at the Court;

    (e)    Court personnel, so long as such information is filed under seal pursuant to Court rules;

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses, so long as such disclosure is limited to the review of but not copying of, such information in counsel's offices or at the Court; and

    (h)    other persons by written agreement of the parties.

7. Prior to disclosing any CONFIDENTIAL or CONFIDENTIAL/PRIVILEGED information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. Documents are designated as CONFIDENTIAL or CONFIDENTIAL/PRIVILEGED by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "CONFIDENTIAL/PRIVILEGED." The parties shall redact patient names from any documents that may be filed with the Court as exhibits, but if the identities of patients are relevant in a particular document, the parties may use codes to identify the patients, such as "patient 1," "patient 2," and the like.

9. Before any information is designated "CONFIDENTIAL" or "CONFIDENTIAL/PRIVILEGED," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7), the Colorado Medical Practices Act or HCQIA.

10. Whenever a deposition involves the disclosure of CONFIDENTIAL or CONFIDENTIAL/PRIVILEGED information, the deposition or portions thereof shall be designated as CONFIDENTIAL or CONFIDENTIAL/PRIVILEGED and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL/PRIVILEGED after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11. A party may object to the designation of particular CONFIDENTIAL or CONFIDENTIAL/PRIVILEGED information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or CONFIDENTIAL/PRIVILEGED to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL/PRIVILEGED under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or CONFIDENTIAL/PRIVILEGED and shall not thereafter be treated as CONFIDENTIAL or CONFIDENTIAL/PRIVILEGED in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or CONFIDENTIAL/PRIVILEGED shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL/PRIVILEGED.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL or CONFIDENTIAL/PRIVILEGED shall be destroyed; provided, however, that counsel for each party shall be permitted to retain one full set of CONFIDENTIAL or CONFIDENTIAL/PRIVILEGED documents so long as such documents are kept confidential as required by this protective order. Where a party destroys CONFIDENTIAL or CONFIDENTIAL/PRIVILEGED documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. This Amended Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated at Denver, Colorado, this 28th day of April, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

– 5 –

**AGREED AND APPROVED:**

*/s/* D. Rico Munn
_____
D. Rico Munn
BAKER & HOSTETLER LLP
303 E. 17th Avenue, Suite 1100
Denver, CO 80203-1264
Telephone: (303) 861-0600
Facsimile: (303) 861-7805
E-mail: rmunn@bakerlaw.com
*Attorneys for Defendants Catholic Health Initiatives Colorado, George Zara, Christopher Knackstedt, Edwin Lance Walker, Barbara Ferguson and CVS-Thoracic and Cardiovascular Surgery, P.C.*


*/s/* Timothy M. Kratz
_____
Timothy M. Kratz
PENDLETON, FRIEDBERG, WILSON
& HENNESSEY, P.C.
1875 Lawrence St., 10th Floor
Denver, CO 80202-1898
Telephone: (303) 839-1204
Facsimile: (303) 831-0786
E-mail: tkratz@penberg.com
*Attorneys for Plaintiff*


*/s/* Emily Hobbs-Wright
_____
Emily Hobbs-Wright
HOLLAND & HART LLP
555 17th Street, Suite 3200
P.O. Box 8749
Denver, CO 80202
Telephone: (303) 295-8406
Facsimile: (303) 975-5476
E-mail: ehobbs-wright@hollandhart.com
*Attorneys for Defendants Elliot C. Wohlner, M.D. and Anesthesia Consultants, P.C.*