IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01058-WYD-MEH

LEVERNE GREEN, M.D.,

    Plaintiff,

v.

CATHOLIC HEALTH INITIATIVES COLORADO,
d/b/a Centura Health-St. Anthony Central Hospital,
d/b/a Centura Health St. Anthony Hospitals,
a Colorado corporation with multiple trade and business names;
GEORGE ZARA, individually and as CEO of Centura St. Anthony Hospitals;
CHRISTOPHER KNACKSTEDT, individually and as CFO of Centura St. Anthony Hospitals;
ELLIOTT C. "SKIP" WOHLNER, individually and as principal of Anesthesia Consultants, P.C.,
a Colorado corporation;
ANESTHESIA CONSULTANTS, P.C., a Colorado corporation;
EDWIN LANCE WALKER, individually and as principal of Cardiovascular and Thoracic Surgery, P.C.;
CARDIOVASCULAR AND THORACIC SURGERY, P.C., a Colorado corporation;
BARBARA FERGUSON; and
JOHN OR JANE DOES, employees or agents of Centura St. Anthony Hospitals,

    Defendants.

## ORDER ON DEFENDANTS' MOTION TO STRIKE
## AFFIDAVIT OF LEVERNE GREEN, M.D.

Defendants have moved to strike the affidavit of Leverne Green, M.D., which was submitted in opposition to the Defendants' motion for summary judgment. Defendants contend that the affidavit is a sham, containing testimony which directly contradicts Dr. Green's deposition testimony; including impermissible hearsay; making legal conclusions; and containing statements that are plainly not true. As a remedy, Defendants seek to strike the affidavit in its entirety. They also seek to strike the attachments to the affidavit, because those documents were not previously provided to

Defendants. While it is apparent that many of Defendants' arguments are well founded, the Court is firmly convinced that under the prevailing case law, the appropriate remedy is for the District Judge to disregard those portions of the affidavit that are objectionable, in determining whether there are any issues of material fact which might preclude summary judgment. *See*, *e.g., Lantec, Inc. v. Novell, Inc.,* 306 F.3d 1003, 1016-17 (10th Cir. 2002); *In re Independent Service Organizations Antitrust Litigation*, 85 F.Supp.2d 1070, 1093-94, 1111 (D.Kan. 2000). This is true for the attached documents as well. Moreover, Defendants have made appropriate arguments concerning sham affidavits in their reply in support of the motion for summary judgment and, therefore, their rights have been preserved.

Therefore, based on the foregoing reasons and on the entire record herein, Defendants' Motion to Strike Affidavit of LeVerne Green, M.D. (Filed October 31, 2007; Docket # 128) is **denied.**

Dated at Denver, Colorado, this 16th day of January, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge